In re Richard A. DOUGLASS, Karen S. Douglass, Debtors.

The GALBREATH MORTGAGE COMPANY, Plaintiff,

v.

Frank PEES, Richard A. Douglass, Karen S. Douglass, Defendants.

Bankruptcy No. 2–79–03211.
Adv. No. 2–80–0469.

United States Bankruptcy Court, S. D. Ohio, E. D.

Oct. 30, 1980.

Charles H. Waterman, III, Columbus, Ohio, for plaintiff.

Mitchel D. Cohen, Columbus, Ohio, for debtors.

Frank M. Pees, Worthington, Ohio, Trustee (Chapter 13).

## ORDER ON COMPLAINT TO MODIFY STAY

R. J. SIDMAN, Bankruptcy Judge.

The Galbreath Mortgage Company has filed a complaint requesting a modification of the stay of proceedings against the property of the debtors imposed pursuant to § 362 of the Bankruptcy Code. The matter was tried to the Court on its merits and the Court makes the following findings.

On November 2, 1979 Richard A. and Karen S. Douglass, husband and wife, filed a joint petition seeking relief under Chapter 13 of the Bankruptcy Code. The plan proposed by the Douglass' was confirmed by this Court by order of November 30, 1979. The Douglass' are owners of residential real estate at 4075 Platte Drive, Groveport, Ohio 43125, and in conjunction with the purchase of that real estate they executed and delivered to Galbreath Mortgage Company a mortgage note dated January 12, 1979 in the principal sum of $46,650.00 and a mortgage deed to secure such note. This note is presently in default as of the March 1, 1980 payment. The principal balance now owed on the mortgage is $46,361.44. Accrued interest charges and other expenses as of October 16, 1980, the date of the trial, are $3,673.64, making a total amount owed as of the date of trial $50,035.08. It is the existence of this default that occasions the relief requested by Galbreath in this adversary proceeding.

The record further establishes that subsequent to confirmation the debtors tendered and Galbreath Mortgage Company accepted at least three mortgage payments. However, when a fourth mortgage payment was tendered in April of 1980 Galbreath returned the payment with the explanation that "this amount is not sufficient for application to this account pursuant to our guidelines." Galbreath has continued to refuse to accept payments from the Douglass' since April of 1980. At the time of such refusal the Douglass' were, at most, only one month in default in post–petition payments to the Galbreath Mortgage Company. There appears to have been no pre-petition delinquency on the account.

While there was some evidence relating to the present value of the residence, there is no credible evidence in the record at this time which would permit this Court to find the present fair market value of the subject property. In this respect and to the extent that it is relevant, § 362(g)(1) places the burden of proof on the issue of the debtors' equity in the property on Galbreath Mortgage Company.

The debtors' position in this case is simple. As testified by Richard Douglass, there are sufficient funds on hand in the form of escrowed house payments and an additional check for $1,648.95, representing an insurance settlement on hail damage to the home, to fully cure the default existing on the mortgage note.

Based upon the record before this Court, there appears to be no reason why this Court should not permit the debtors, and concomitantly require the mortgage company, to accept a tender of funds which will fully cure any default existing on the mortgage note. There has been no evidence placed in this record which would indicate that Galbreath Mortgage Company is entitled to more, and specifically, no evidence that the mortgage company is not adequately protected by continuing receipt of full and current payments on the mortgage note.

Based upon the foregoing, the Court hereby determines that relief from the automatic stay of proceedings provided for in § 362(d) of the Bankruptcy Code shall be denied. Such denial, however, shall be conditioned upon the tender by the debtors, within ten days of the date of this Order, of the amount of $3,673.64 to cure the present default on the mortgage note, and maintenance of current payments thereafter.

IT IS SO ORDERED.